**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

VERONICA OQUENDO; WOL SMITH;
MICHAEL SMITH; JOAN RUSHAY;
THOMAS LARSEN; ROSA TAYLOR;
STENETHA HALL; ROSE BEAM; TODD
GENSMER; JUSTIN WEATHERS; PAUL
BENNIE; DAVID SANDAGER; AMY
SANDAGER; WALTER MCGREW;
CLINTON WALTER; SHANNON WALTER;
MATTHEW WHITTAKER; EDWARD
WHITTAKER; PHILLIP HOWE; JANIDA
ROSADO; CAROLINE GALLEGOS;
MATTHIAS BLACK; LEWIS GARNETT;
SUSAN SMITH; JULIA KUHN; RICHARD
FLORES; SHELLY SNETHEN; AMY
DAGUE; ROSE MACHUCA; EILEEN
HOUSE; CASHMYIR SCOTT; MICHELLE
GONZALEZ; RHONDA ALVARADO;
DONNA VAN HOOSE; STUART HEARN;
AUGUSTA JORDAN; DONNA HEARN;
ALONZO ABEYTA; JOSEPH DAUGHERTY;
CAROLANN VIGIL; LISA SCHMIDT;
NICOLE PAINE; MICHELLE SWINTON;
TRUDY TAGSTROM; AMELIA RUBIO;
HARNEK SAHOTA; CAROL PUTZI;
REBECCA BARNES; RICHARD COOK; FITZ
BANNISTER; MARY MAHON; TIMOTHY
MAHON; BONNIE LARSCHEID; KATHY
MAXIMENKO; DEBORAH MCCARTY;
DAVID MCCARTY; MICHAEL CHILDERS;
LINDA JONES; DANA BRIGHT; BRANDON
HERRERA; RONALD WILSON; JOHN BELL;
MYRNA PEREZ; PATRICIA GLACKEN;
CYNTHIA GILDER, individually and as parent
and natural guardian of M.G.1, M.G.2, and
M.G.3, minor children; MARY STATON;
MICHAEL STATON; ANGELA POLK,

individually and as parent and natural guardian
of A.P., R.P., M.P., and H.P., minor children;
VALENTINA WOLFKILL; JOHN CUELLAR;
LESLIE PEREZ, individually and as parent and
natural guardian of T.G., minor child;
ANALISA WHITTAKER; JAMES COOK;
DEBRA ANN PERRICONE; ROBERT
WEEDMAN; MONIQUE BABERS; TRACY
BABERS; LIONEL MARTINEZ; GERALDINE
MARTINEZ; DANIEL PETERSON; SHIRLEY
PETERSON; CHIQUITA STEWART;
NICHOLAS VILLEGAS; GINGER
CORDOVA; ANGELINA JARAMILLO;
ALICIA CHAVEZ; DANIELLE WOJTOWICZ;
MICHAEL WOOD; DORA SANTILLANES;
CASSANDRA ELLIS; JACOB ELLIS; JACOB
JUAREZ; BENJAMIN DEIS; MIGUEL
CANTU; DONNA PRICE; ARGENTINA
PEREZ; CHARLES WESLEY PEOPLES;
CORRIE/CORNELIA STUDDARD;
BRENNAN RILEY; RACHAEL WATERS;
ELZENA HARRIS; MAURICE HARRIS;
SUNSHYNE POWELL, individually and as
parent and natural guardian of K.P., minor child;
WENDELL BURNETT; DORIS GUILIANI;
KEITH ORCUTT; OSCAR CARRERA;
TABITHA STARKS; LENYON STARKS;
RITA MACHIN; CARLOS MACHIN;
DOROTHY WETZEL; SHERRY HUNTER,
individually and as parent and natural guardian
of B.H., minor child; ROBERT FORD; BOBBY
WINFIELD; VIVIAN WINFIELD; BRANDON
WARD; ANTOINEE BENJAMIN, individually
and as parent and natural guardian of A.B.1. ,
and A.B.2 minor children; MONIQUE
BORRERO-RIVERA; ARNALDO BORRERO-
RIVERA; DAWN HUSTON; ANDREW
WOOD; KIMBERLEY WILSON; JANIE IVES;
JAMES WASHINGTON; SHERA GOTTLOB;
DELORES STROH; KAYLA DOUGHTY; IRA

BLOODWORTH; GAMAL LAWRENCE;
JOAN MARIE NICHOLS; HEATHER
GORMAN; SAMANTHA STAPLETON;
SABINE STAPLETON; RITA JEFFRIES;
TINA GLUNT; JAMES GLUNT; RITA
LANDERS; GENE WILSON; JANE
CHADIMA; CHARLINE LOEWENSTEIN;
SHERRY QUINLIVAN; CHASTITY BUNN;
GUADALUPE VERA; JUANITA USEMAN;
BILLIE FRANKLAND; BOBBY BERRY;
KELLEY CONNERS; KEVIN CONNERS;
DAVID JOHNS; THEODORE JOHNSON;
BECKY STEEVES; ALINA MATHEWS,
individually and as parent and natural guardian
of E.W., and F.W., minor children; TRAPPER
MATHEWS; SHANNON ANTHONY; BILLY
ANTHONY; DARREN HUNT; DARREN
BROWN; KELLY DUNCAN-MARCUM;
MARIE CLARK; BEVERLY BROWN; ERIN
HUTCHINSON, individually and as parent and
natural guardian of J.H., minor child;
MICHELLE GREENLEE; ARTHUR GREEN;
KIMBERLY AUSTIN, individually and as
parent and natural guardian of J.A., minor child;
DEBRA BRESCIANI; JAMES ANDREWS;
SCOTT ST.ONGE; ROBERT DEWITT;
CAROLE GREEN; and KEVIN DAIGLE,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS

HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

[2] *Id.*

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado who, upon information and belief, were so exposed and/or own properties that were so exposed.

## Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA

containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

## PLAINTIFFS' EXPOSURE AND DAMAGES

41.      Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.      Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.      Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, and, in the cases of adult Plaintiffs, property damage due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.      The properties of the adult Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.      Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered property damage and/or injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.      This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.      "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir.

2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Veronica Oquendo currently owns and resides at 7060 Roaring Spring Ave, Fountain, CO 80817. As a result of Veronica Oquendo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Veronica Oquendo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

51.     Plaintiff Wol Smith currently owns and resides at 7070 Dusty Miller Way, Colorado Springs, CO 80908. As a result of Wol Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wol Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

52.     Plaintiff Michael Smith currently owns and resides at 7070 Dusty Miller Way, Colorado Springs, CO 80908. As a result of Michael Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

53.     Plaintiff Joan Rushay currently owns and resides at 708 Squire St, Colorado Springs, CO 80911. As a result of Joan Rushay's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Joan Rushay has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

54.     Plaintiff Thomas Larsen currently owns and resides at 709 Rosemont Dr, Colorado Springs, CO 80911. As a result of Thomas Larsen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Larsen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

55.     Plaintiff Rosa Taylor currently owns and resides at 7090 Yampa River Heights, Fountain, CO 80817. As a result of Rosa Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosa Taylor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

56.     Plaintiff Stenetha Hall currently owns and resides at 7095 Turtle Drive Apt., Fountain, CO 80817. As a result of Stenetha Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stenetha Hall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

57.     Plaintiff Rose Beam currently resides at 710 Harvard St, Colorado Springs, CO 80911. As a result of Rose Beam's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rose Beam has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

58.     Plaintiff Todd Gensmer currently owns and resides at 7110 Araia Dr, Fountain, CO 80817. As a result of Todd Gensmer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Todd Gensmer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

59.     Plaintiff Justin Weathers currently owns and resides at 7125 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Justin Weathers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Weathers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

60.     Plaintiff Paul Bennie currently owns and resides at 7125 Woody Creek Dr, Colorado Springs, CO 80911. As a result of Paul Bennie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Bennie has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

61.     Plaintiff David Sandager currently owns and resides at 713 Rosemont Drive, Colorado Springs, CO 80911. As a result of David Sandager's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Sandager has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

62.     Plaintiff Amy Sandager currently owns and resides at 713 Rosemont Drive, Colorado Springs, CO 80911. As a result of Amy Sandager's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amy Sandager has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

63.     Plaintiff Walter McGrew currently owns and resides at 7130 Woody Creek Drive, Colorado Springs, CO 80911. As a result of Walter McGrew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Walter McGrew has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

64.     Plaintiff Clinton Walter currently owns and resides at 7134 Coralridge Drive, Colorado Springs, CO 80925. As a result of Clinton Walter's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Clinton Walter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

65.     Plaintiff Shannon Walter currently owns and resides at 7134 Coralridge Drive, Colorado Springs, CO 80925. As a result of Shannon Walter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannon Walter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

66.     Plaintiff Matthew Whittaker currently resides at 7135 Whiteface Court, Fountain, CO 80817. As a result of Matthew Whittaker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

67.     Plaintiff Edward Whittaker currently owns and resides at 7135 Whiteface Court, Fountain, CO 80817. As a result of Edward Whittaker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

68.     Plaintiff Phillip Howe currently owns and resides at 7140 Gold Pan Court, Colorado Springs, CO 80911. As a result of Phillip Howe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Howe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69.     Plaintiff Janida Rosado currently resides at 7145 Alegre Circle Apt 1, Fountain, CO 80817. As a result of Janida Rosado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janida Rosado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

70.     Plaintiff Caroline Gallegos currently owns and resides at 7146 Coral Ridge Drive, Colorado Springs, CO 80925. As a result of Caroline Gallegos's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Caroline Gallegos has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71.     Plaintiff Matthias Black currently owns and resides at 7150 Goldfield Drive, Colorado Springs, CO 80911. As a result of Matthias Black's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthias Black has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

72.     Plaintiff Lewis Garnett currently owns and resides at 7150 Trails End Court, Colorado Springs, CO 80911. As a result of Lewis Garnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lewis Garnett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

73.     Plaintiff Susan Smith currently owns and resides at 7153 Metropolitan Street, Colorado Springs, CO 80911. As a result of Susan Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

74.     Plaintiff Julia Kuhn currently owns and resides at 7158 Metropolitian St, Widefield, CO 80911. As a result of Julia Kuhn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Kuhn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

75.     Plaintiff Richard Flores currently owns and resides at 7161 Appletree Loop, Colorado Springs, CO 80925. As a result of Richard Flores's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Flores has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

76.     Plaintiff Shelly Snethen currently owns and resides at 7175 Gold Pan Ct, Colorado Springs, CO 80911. As a result of Shelly Snethen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelly Snethen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

77.     Plaintiff Amy Dague currently resides at 7220 Little Timber Grove, Colorado Springs, CO 80923. As a result of Amy Dague's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amy Dague has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems; Ulcerative Colitis.

78.     Plaintiff Rose Machuca currently owns and resides at 728 Hackberry Dr, Colorado Springs, CO 80911. As a result of Rose Machuca's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rose Machuca has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

79.     Plaintiff Eileen House currently owns and resides at 728 Widefield Drive, Widefield, CO 80911. As a result of Eileen House's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eileen House has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80.     Plaintiff Cashmyir Scott currently resides at 7286 Country Side Grove, Fountain, CO 80817. As a result of Cashmyir Scott's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Cashmyir Scott has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

81.     Plaintiff Michelle Gonzalez currently owns and resides at 731 Greenbush Drive, Security, CO 80911. As a result of Michelle Gonzalez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Gonzalez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

82.     Plaintiff Rhonda Alvarado currently resides at 7310 Franconia Drive, Fountain, CO 80817. As a result of Rhonda Alvarado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rhonda Alvarado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

83.     Plaintiff Donna Van Hoose currently resides at 7319 Glenburn Drive, Fountain, CO 80817. As a result of Donna Van Hoose's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Van Hoose has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

84.     Plaintiff Stuart Hearn currently resides at 7325 Franconia drive, Colorado Springs, CO 80917. As a result of Stuart Hearn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stuart Hearn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

85.     Plaintiff Augusta Jordan currently owns and resides at 7325 Franconia Drive, Colorado Springs, CO 80917. As a result of Augusta Jordan's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Augusta Jordan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

86.     Plaintiff Donna Hearn currently resides at 7325 Franconia drive, Fountain, CO 80817. As a result of Donna Hearn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Hearn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

87.     Plaintiff Alonzo Abeyta currently resides at 733 Tiajuana, Colorado Springs, CO 80909. As a result of Alonzo Abeyta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alonzo Abeyta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

88.     Plaintiff Joseph Daugherty currently owns and resides at 7330 Willowdale Drive, Fountain, CO 80817. As a result of Joseph Daugherty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Daugherty has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

89.     Plaintiff Carolann Vigil currently resides at 7334 Lake Ave, Fountain, CO 80817. As a result of Carolann Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolann Vigil has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

90.     Plaintiff Lisa Schmidt currently owns and resides at 7360 Colonial Dr, Fountain, CO 80917. As a result of Lisa Schmidt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Schmidt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

91.     Plaintiff Nicole Paine currently owns and resides at 7367 Glenburn Dr., Fountain, CO 80817. As a result of Nicole Paine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Paine has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

92.     Plaintiff Michelle Swinton currently resides at 7374 Sandy Sprints Point, Fountain, CO 80817. As a result of Michelle Swinton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Swinton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

93.     Plaintiff Trudy Tagstrom currently owns and resides at 7375 Songbird Dr., Colorado Springs, CO 80911. As a result of Trudy Tagstrom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trudy Tagstrom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

94.     Plaintiff Amelia Rubio currently owns and resides at 7376 Colonial Drive, Fountain, CO 80817. As a result of Amelia Rubio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amelia Rubio has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

95.     Plaintiff Harnek Sahota currently owns and resides at 7387 Willow Pines Place, Fountain, CO 80817. As a result of Harnek Sahota's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harnek Sahota has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

96.     Plaintiff Carol Putzi currently owns and resides at 7415 Raintree Drive, Colorado Springs, CO 80925. As a result of Carol Putzi's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Carol Putzi has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

97.     Plaintiff Rebecca Barnes currently owns and resides at 7418 Silver Bow Dr, Colorado Springs, CO 80925. As a result of Rebecca Barnes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Barnes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

98.     Plaintiff Richard Cook currently owns and resides at 7421 Colonial Drive, Fountain, CO 80817. As a result of Richard Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Cook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

99.     Plaintiff Fitz Bannister currently owns and resides at 7425 Fortman Avenue, Fountain, CO 80817. As a result of Fitz Bannister's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Fitz Bannister has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

100.     Plaintiff Mary Mahon currently owns and resides at 7425 Silverdale St, Colorado Springs, CO 80911. As a result of Mary Mahon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Mahon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

101.     Plaintiff Timothy Mahon currently owns and resides at 7425 Silverdale Street, Colorado Springs, CO 80911. As a result of Timothy Mahon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Mahon has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Cancer; Thyroid Problems.

102.    Plaintiff Bonnie Larscheid currently owns and resides at 7433 Colonial Drive, Fountain, CO 80817. As a result of Bonnie Larscheid's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bonnie Larscheid has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

103.    Plaintiff Kathy Maximenko currently owns and resides at 7435 Goldfield Drive, Colorado Springs, CO 80911. As a result of Kathy Maximenko's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathy Maximenko has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

104.    Plaintiff Deborah McCarty currently owns and resides at 745 Robinglen Court, Colorado Springs, CO 80916. As a result of Deborah McCarty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah McCarty has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

105.    Plaintiff David McCarty currently owns and resides at 745 Robinglen Court, Colorado Springs, CO 80906. As a result of David McCarty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David McCarty has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

106.    Plaintiff Michael Childers currently owns and resides at 7454 Bentwater Dr, Fountain, CO 80817. As a result of Michael Childers's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Michael Childers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

107.   Plaintiff Linda Jones currently resides at 746 E. Cucharras St., Colorado Springs, CO 80983. As a result of Linda Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

108.   Plaintiff Dana Bright currently resides at 746 East San Rafael Street, Colorado Springs, CO 80903. As a result of Dana Bright's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dana Bright has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109.   Plaintiff Brandon Herrera currently resides at 7475 Woodstack Street, Colorado Springs, CO 80911. As a result of Brandon Herrera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Herrera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

110.   Plaintiff Ronald Wilson currently owns and resides at 7485 Franconia Terrace, Fountain, CO 80817. As a result of Ronald Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

111.   Plaintiff John Bell currently owns and resides at 75 Bella Vista Ln, Colorado Springs, CO 80911. As a result of John Bell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Bell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

112.    Plaintiff Myrna Perez currently resides at 750 East Cheyenne Rd. Apt. 208, Colorado Springs, CO 80905. As a result of Myrna Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Myrna Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

113.    Plaintiff Patricia Glacken currently owns and resides at 750 Legend Oak Dr, Fountain, CO 80817. As a result of Patricia Glacken's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Glacken has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

114.    Plaintiff Cynthia Gilder, individually and as parent and natural guardian of M.G.1, M.G.2, and M.G.3, currently resides at 7503 Talus Ridge Drive, Colorado Springs, CO 80915, with minor children, M.G.1, M.G.2, and M.G.3. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Gilder and M.G.1, M.G.1, and M.G.3  have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Cynthia Gilder has been diagnosed with Pregnancy Problems.

115.    Plaintiff Mary Staton currently owns and resides at 7505 Lake Avenue, Fountain, CO 80817. As a result of Mary Staton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Staton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.    Plaintiff Michael Staton currently owns and resides at 7505 Lake Avenue, Fountain, CO 80817. As a result of Michael Staton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Staton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

117.    Plaintiff Angela Polk, individually and as parent and natural guardian of A.P., R.P., M.P., and H.P. currently resides at 7517 Lost Pony Drive, Colorado Springs, CO 80922, with minor children, A.P. R.P., M.P., and H.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Polk and A.P. R.P., M.P., and H.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Angela Polk has been diagnosed with Pregnancy Problems.

118.    Plaintiff Valentina Wolfkill currently owns and resides at 7530 Dove Creek Cir, Colorado Springs, CO 80911. As a result of Valentina Wolfkill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valentina Wolfkill has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

119.    Plaintiff John Cuellar currently owns and resides at 7532 Duck Hawk Place, Fountain, CO 80817. As a result of John Cuellar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Cuellar has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

120.    Plaintiff Leslie Perez, individually and as parent and natural guardian of T.G., currently owns and resides at 7535 SunBeam Way, Colorado Springs, CO 80911, with minor child, T.G.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leslie Perez and T.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Leslie Perez has been diagnosed with Pregnancy Problems.

121.    Plaintiff Analisa Whittaker currently resides at 7540 Vineland Trail, Colorado Springs, CO 80911. As a result of Analisa Whittaker's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Analisa Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

122.    Plaintiff James Cook currently owns and resides at 7544 Silver Bow Drive, Colorado Springs, CO 80925. As a result of James Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Cook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

123.    Plaintiff Debra Ann Perricone currently owns and resides at 755 Progress Drive, Fountain, CO 80817. As a result of Debra Ann Perricone's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Ann Perricone has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.    Plaintiff Robert Weedman currently resides at 7560 Copper Range Heights Apt. C-207, Colorado Springs, CO 80908. As a result of Robert Weedman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Weedman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.    Plaintiff Monique Babers currently resides at 7615 Sun Prairie Drive, Colorado Springs, CO 80925. As a result of Monique Babers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monique Babers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

126.    Plaintiff Tracy Babers currently owns and resides at 7615 Sun Prairie Drive, Colorado Springs, CO 80925. As a result of Tracy Babers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracy Babers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

127.    Plaintiff Lionel Martinez currently owns and resides at 7630 Deer Trail, Colorado Springs, CO 80911. As a result of Lionel Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lionel Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

128.    Plaintiff Geraldine Martinez currently owns and resides at 7630 Deer Trail, Colorado Springs, CO 80911. As a result of Geraldine Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Geraldine Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

129.    Plaintiff Daniel Peterson currently owns and resides at 7630 Sunny View Lane, Colorado Springs, CO 80911. As a result of Daniel Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Peterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

130.    Plaintiff Shirley Peterson currently owns and resides at 7630 Sunny View Lane, Colorado Springs, CO 80911. As a result of Shirley Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Peterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

131.    Plaintiff Chiquita Stewart currently owns and resides at 7655 Fiona Ln, Fountain, CO 80817. As a result of Chiquita Stewart's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chiquita Stewart has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

132.    Plaintiff Nicholas Villegas currently resides at 7675 Middle Bay Way, Fountain, CO 80817. As a result of Nicholas Villegas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Villegas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

133.    Plaintiff Ginger Cordova currently owns and resides at 7686 Sand Spring Point, Fountain, CO 80817. As a result of Ginger Cordova's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ginger Cordova has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

134.    Plaintiff Angelina Jaramillo currently owns and resides at 77 Doris Drive, Colorado Springs, CO 80911. As a result of Angelina Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelina Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135.    Plaintiff Alicia Chavez currently owns and resides at 7722 Monte Cristo Bay Court, Fountain, CO 80817. As a result of Alicia Chavez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alicia Chavez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

136.    Plaintiff Danielle Wojtowicz currently resides at 7722 Monte Cristo Bay Ct., Fountain, CO 80817. As a result of Danielle Wojtowicz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Wojtowicz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

137.    Plaintiff Michael Wood currently owns and resides at 7722 Monte Cristo Bay Ct., Fountain, CO 80817. As a result of Michael Wood's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Michael Wood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138.    Plaintiff Dora Santillanes currently owns and resides at 775 North El Paso Apt A,, Colorado Springs, CO 80903. As a result of Dora Santillanes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dora Santillanes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

139.    Plaintiff Cassandra Ellis currently owns and resides at 7808 Ultra Dr, Colorado Springs, CO 80920. As a result of Cassandra Ellis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cassandra Ellis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Cancer.

140.    Plaintiff Jacob Ellis currently owns and resides at 7808 Ultra Dr, Colorado Springs, CO 80920. As a result of Jacob Ellis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Ellis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

141.    Plaintiff Jacob Juarez currently owns and resides at 7820 Woody Creek Dr, Colorado Springs, CO 80911. As a result of Jacob Juarez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Juarez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

142.    Plaintiff Benjamin Deis currently resides at 7822 Wythe Drive, Fountain, CO 80817. As a result of Benjamin Deis's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Benjamin Deis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

143.   Plaintiff Miguel Cantu currently owns and resides at 7823 Dutch Loop, Colorado Springs, CO 80925. As a result of Miguel Cantu's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Miguel Cantu has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

144.   Plaintiff Donna Price currently owns and resides at 7831 Braxton Dr, Fountain, CO 80817. As a result of Donna Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Price has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

145.   Plaintiff Argentina Perez currently owns and resides at 7840 Peninsula Dr, Colorado Springs, CO 80911. As a result of Argentina Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Argentina Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

146.   Plaintiff Charles Wesley Peoples currently owns and resides at 7847 Lantern Lane, Fountain, CO 80817. As a result of Charles Wesley Peoples's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Wesley Peoples has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

147.   Plaintiff Corrie/Cornelia Studdard currently owns and resides at 785 Rundle Court, Colorado Springs, CO 80911. As a result of Corrie/Cornelia Studdard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Corrie/Cornelia

Studdard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

148.    Plaintiff Brennan Riley currently resides at 7865 Peninsula Drive, Colorado Springs, CO 80911. As a result of Brennan Riley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brennan Riley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

149.    Plaintiff Rachael Waters currently owns and resides at 7875 Woody Creek Drive, Colorado Springs, CO 80911. As a result of Rachael Waters's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rachael Waters has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

150.    Plaintiff Elzena Harris currently owns and resides at 7904 Catbird Court, Fountain, CO 80817. As a result of Elzena Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elzena Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

151.    Plaintiff Maurice Harris currently owns and resides at 7904 Catbird Ct, Fountain, CO 80817. As a result of Maurice Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maurice Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

152.    Plaintiff Sunshyne Powell, individually and as parent and natural guardian of K.P., currently resides at 7971 Moondance trail, Fountain, CO 80817, with minor child, K.P.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Sunshyne Powell and K.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

153.    Plaintiff Wendell Burnett currently resides at 8 Dudley Ave, Colorado Springs, CO 80909. As a result of Wendell Burnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wendell Burnett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

154.    Plaintiff Doris Guiliani currently owns and resides at 80 Everett Drive, Colorado Springs, CO 80911. As a result of Doris Guiliani's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Doris Guiliani has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

155.    Plaintiff Keith Orcutt currently owns and resides at 800 Kiowa St, Fountain, CO 80817. As a result of Keith Orcutt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keith Orcutt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

156.    Plaintiff Oscar Carrera currently owns and resides at 800 S Santa Fe Avenue Lot G 34, Fountain, CO 80817. As a result of Oscar Carrera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Oscar Carrera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

157.    Plaintiff Tabitha Starks currently owns and resides at 800 South Sant Fe Lot A-10, Fountain, CO 80817. As a result of Tabitha Starks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tabitha Starks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158.    Plaintiff Lenyon Starks currently owns and resides at 800 South Sant Fe Lot A-10, Fountain, CO 80817. As a result of Lenyon Starks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lenyon Starks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159.    Plaintiff Rita Machin currently owns and resides at 802 Cardinal Street, Colorado Springs, CO 80911. As a result of Rita Machin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Machin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

160.    Plaintiff Carlos Machin currently owns and resides at 802 Cardomal St, Colorado Springs, CO 80911. As a result of Carlos Machin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carlos Machin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

161.    Plaintiff Dorothy Wetzel currently owns and resides at 802 Grand Blvd, Colorado Springs, CO 80911. As a result of Dorothy Wetzel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorothy Wetzel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis.

162.    Plaintiff Sherry Hunter, individually and as parent and natural guardian of B.H., currently owns and resides at 803 Ridgebury Lane, Fountain, CO 80817, with minor child, B.H.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherry Hunter and B.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

163.    Plaintiff Robert Ford currently owns and resides at 806 Libra Drive, Colorado Springs, CO 80906. As a result of Robert Ford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Ford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

164.    Plaintiff Bobby Winfield currently owns and resides at 820 Fountain Mesa Rd, Colorado Springs, CO 80917. As a result of Bobby Winfield's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bobby Winfield has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

165.    Plaintiff Vivian Winfield currently resides at 820 Fountain Mesa Road, Fountain, CO 80817. As a result of Vivian Winfield's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vivian Winfield has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

166.    Plaintiff Brandon Ward currently owns and resides at 8210 Bridsall Rd, Fountain, CO 80817. As a result of Brandon Ward's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Ward has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

167.    Plaintiff Antoinee Benjamin, individually and as parent and natural guardian of A.B.1 and A.B.2, currently owns and resides at 8225 Campground Dr., Fountain, CO 80817, with minor children A.B.1 and A.B.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Antoinee Benjamin and A.B.1 and A.B.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Antoinee Benjamin has been diagnosed with Ulcerative Colitis and Pregnacy Problems.

168.     Plaintiff Monique Borrero-Rivera currently owns and resides at 8243 Hidden Pine Dr, Colorado Springs, CO 80925. As a result of Monique Borrero-Rivera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monique Borrero-Rivera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169.     Plaintiff Arnaldo Borrero-Rivera currently owns and resides at 8243 Hidden Pine Dr, Colorado Springs, CO 80925. As a result of Arnaldo Borrero-Rivera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arnaldo Borrero-Rivera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

170.     Plaintiff Dawn Huston currently resides at 827 E Willamette Avenue, Colorado Springs, CO 80903. As a result of Dawn Huston's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawn Huston has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

171.     Plaintiff Andrew Wood currently resides at 827 East Willamette Ave, Colorado Springs, CO 80903. As a result of Andrew Wood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Wood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172.     Plaintiff Kimberley Wilson currently owns and resides at 828 Hailey Glenn View, Colorado Springs, CO 80916. As a result of Kimberley Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberley Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173.     Plaintiff Janie Ives currently owns and resides at 829 Panorama Dr., Colorado Springs, CO 80904. As a result of Janie Ives's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Janie Ives has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

174.    Plaintiff James Washington currently owns and resides at 8323 Dassel Dr, Fountain, CO 80817. As a result of James Washington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Washington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

175.    Plaintiff Shera Gottlob currently owns and resides at 842 Hubbell Dr., Security, CO 80911. As a result of Shera Gottlob's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shera Gottlob has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

176.    Plaintiff Delores Stroh currently owns and resides at 842 Hubbell Dr., Security, CO 80911. As a result of Delores Stroh's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Delores Stroh has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

177.    Plaintiff Kayla Doughty currently owns and resides at 8426 Dassel Drive, Fountain, CO 80817. As a result of Kayla Doughty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayla Doughty has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

178.    Plaintiff Ira Bloodworth currently owns and resides at 850 Daffodil St, Fountain, CO 80817. As a result of Ira Bloodworth's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Ira Bloodworth has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

179.    Plaintiff Gamal Lawrence currently resides at 859 Eagle Bend Dr, Colorado Springs, CO 80911. As a result of Gamal Lawrence's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gamal Lawrence has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

180.    Plaintiff Joan Marie Nichols currently owns and resides at 86 Goret Drive, Security, CO 80911. As a result of Joan Marie Nichols's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joan Marie Nichols has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

181.    Plaintiff Heather Gorman currently owns and resides at 864 Bunting Avenue, Fountain, CO 80817. As a result of Heather Gorman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Gorman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Cancer; Thyroid Problems.

182.    Plaintiff Samantha Stapleton currently resides at 875 Crandall Drive, Colorado Springs, CO 80911. As a result of Samantha Stapleton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samantha Stapleton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

183.    Plaintiff Sabine Stapleton currently owns and resides at 875 Crandall Drive, Widefield, CO 80911. As a result of Sabine Stapleton's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Sabine Stapleton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

184.    Plaintiff Rita Jeffries currently owns and resides at 875 Stargate Drive, Colorado Springs, CO 80911. As a result of Rita Jeffries's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Jeffries has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

185.    Plaintiff Tina Glunt currently owns and resides at 8825 Chalali Mesa Court, Fountain, CO 80817. As a result of Tina Glunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tina Glunt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

186.    Plaintiff James Glunt currently owns and resides at 8825 Chalali Mesa Court, Fountain, CO 80817. As a result of James Glunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Glunt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney Cancer.

187.    Plaintiff Rita Landers currently owns and resides at 8857 Chalali MesaCourt, Fountain, CO 80817. As a result of Rita Landers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Landers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

188.    Plaintiff Gene Wilson currently owns and resides at 900 Candelstar Loop North, Fountain, CO 80817. As a result of Gene Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gene Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

189.    Plaintiff Jane Chadima currently owns and resides at 900 Pond Terrace, Fountain, CO 80817. As a result of Jane Chadima's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jane Chadima has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

190.    Plaintiff Charline Loewenstein currently owns and resides at 901 901 Widefield Dr., Security, CO 80911. As a result of Charline Loewenstein's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charline Loewenstein has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

191.    Plaintiff Sherry Quinlivan currently owns and resides at 901 Desert Cir, Fountain, CO 80817. As a result of Sherry Quinlivan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherry Quinlivan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

192.    Plaintiff Chastity Bunn currently resides at 902 Candlestar Loop South, Fountain, CO 80817. As a result of Chastity Bunn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chastity Bunn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

193.    Plaintiff Guadalupe Vera currently owns and resides at 905 Hubble Drive, Colorado Springs, CO 80911. As a result of Guadalupe Vera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Guadalupe Vera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

194.   Plaintiff Juanita Useman currently owns and resides at 905 Widefield Drive, Colorado Springs, CO 80911. As a result of Juanita Useman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Juanita Useman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

195.   Plaintiff Billie Frankland currently owns and resides at 908 Pond Side Dr., Colorado Springs, CO 80911. As a result of Billie Frankland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Billie Frankland has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

196.   Plaintiff Bobby Berry currently owns and resides at 910 Fountain Mesa Road, Fountain, CO 80817. As a result of Bobby Berry's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bobby Berry has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.   Plaintiff Kelley Conners currently owns and resides at 9141 Sentry Drive, Fountain, CO 80817. As a result of Kelley Conners's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelley Conners has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

198.   Plaintiff Kevin Conners currently owns and resides at 9141 Sentry Drive, Fountain, CO 80817. As a result of Kevin Conners's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Conners has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

199.   Plaintiff David Johns currently resides at 92 McBurney Blvd, Colorado Springs, CO 80911. As a result of David Johns's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, David Johns has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

200.    Plaintiff Theodore Johnson currently owns and resides at 9204 Castle Oaks Drive, Fountain, CO 80817. As a result of Theodore Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theodore Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

201.    Plaintiff Becky Steeves currently owns and resides at 9234 Red Fern Lane, Fountain, CO 80817. As a result of Becky Steeves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Becky Steeves has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

202.    Plaintiff Trapper Mathews currently resides at 926 Drury Lane, Colorado Springs, CO 80911. As a result of Trapper Mathews's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trapper Mathews has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203.    Plaintiff Alina Mathews, individually and as parent and natural guardian of E.W., currently owns and resides at 926 Drury Lane, Colorado Springs, CO 80911, with minor child, E.W.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alina Mathews and E.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Alina Mathews has been diagnosed with Pregnancy Problems.

204.    Plaintiff Alina Mathews, individually and as parent and natural guardian of F.W., currently resides at 926 Drury Lane, Colorado Springs, CO 80911, with minor child, F.W.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Alina Mathews and F.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Alina Mathews has been diagnosed with Pregnancy Problems.

205.    Plaintiff Shannon Anthony currently resides at 9328 Bur Oak Lane, Colorado Springs, CO 80925. As a result of Shannon Anthony's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannon Anthony has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

206.    Plaintiff Billy Anthony currently resides at 9328 Bur Oak Lane, Colorado Springs, CO 80925. As a result of Billy Anthony's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Billy Anthony has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

207.    Plaintiff Darren Brown currently owns and resides at 933 Cardinal Street, Colorado Springs, CO 80911. As a result of Darren Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darren Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

208.    Plaintiff Darren Hunt currently owns and resides at 933 Cardinal Street, Colorado Springs, CO 80911. As a result of Darren Hunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darren Hunt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.    Plaintiff Kelly Duncan-marcum currently resides at 935 Candlestar Loop South, Fountain, CO 80817. As a result of Kelly Duncan-marcum's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelly Duncan-marcum has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

210.   Plaintiff Marie Clark currently owns and resides at 9375 Daystar Terrace, Colorado Springs, CO 80925. As a result of Marie Clark's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Clark has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

211.   Plaintiff Beverly Brown currently resides at 9385 Trailside View Unit 102, Fountain, CO 80817. As a result of Beverly Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beverly Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

212.   Plaintiff Erin Hutchinson, individually and as parent and natural guardian of J.H., currently resides at 947 Candlestar Loop South, Fountain, CO 80817, with minor child, J.H.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Hutchinson and J.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erin Hutchinson has been diagnosed with Ulcerative Colitis.

213.   Plaintiff Michelle Greenlee currently owns and resides at 9530 Penncross Place, Colorado Springs, CO 80925. As a result of Michelle Greenlee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Greenlee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis.

214.   Plaintiff Arthur Green currently owns and resides at 9575 Linkage Trail, Fountain, CO 80817. As a result of Arthur Green's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arthur Green has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

215.    Plaintiff Kimberly Austin, individually and as parent and natural guardian of J.A., currently owns and resides at 960 Lords Hill Drive, Fountain, CO 80817, with minor child, J.A.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Austin and J.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Kimberly Austin has been diagnosed with Pregnancy Problems.

216.    Plaintiff Debra Bresciani currently owns and resides at 97 Steven Drive, Colorado Springs, CO 80911. As a result of Debra Bresciani's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Bresciani has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217.    Plaintiff James Andrews currently owns and resides at 998 Candle Star Loop South, Fountain, CO 80817. As a result of James Andrews's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Andrews has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

218.    Plaintiff Scott St.Onge currently resides at P.O. Box 381, Fountain, CO 80817. As a result of Scott St.Onge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott St.Onge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219.    Plaintiff Robert DeWitt currently owns and resides at P.O. Box 5118, Colorado Springs, CO 80931. As a result of Robert DeWitt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert DeWitt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

220.    Plaintiff Carole Green currently owns and resides at PO Box 16860, Colorado Springs, CO 80935. As a result of Carole Green's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Carole Green has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

221.    Plaintiff Kevin Daigle currently owns and resides at PO Box 31342, Colorado Springs, CO 80931. As a result of Kevin Daigle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Daigle has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality.

### Defendants

222.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

223.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

224.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

225.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

226.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

227.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

228.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

229.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

230.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

46

231.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

232.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

233.    Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

234.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

235.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

236.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

237.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

238.   KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

239.   KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

240.   Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

241.   Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

242.   Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

243.   Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

244.   Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

245.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

246.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

247.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

248.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

249.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

250.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

251.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

252.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

253.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

254.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

255.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

256.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

257.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

258.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

259.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

260.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

261.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

262.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

263.    The USAF uses 3% AFFF for its installations.

264.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

265.    3M was the only company to manufacture PFOS-containing AFFF.

266.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

267.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

268.    In 1947, 3M began producing PFOA via ECF.

269.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

270.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

271.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

272.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

273.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

274.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

275.    Early studies showed that PFCs accumulated in the human body and were toxic.

276.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

277.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

278.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

279.     In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

280.     Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

281.     Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

282.     These injuries can arise months or years after exposure to PFOA.

283.     As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

284.     Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

285.     Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

286.   Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

287.   At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

288.   The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

289.   For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

290.   Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

291.   AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

292.   At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

293.   In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

294.   As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

295.   Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

### AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater

296.   Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

297.   Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

298.   A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

299.   At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

300.   Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

301.   The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

302.   PFOA and PFOS are present in all Defendants' AFFF products.

303.   Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

304.   Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

305.   Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

306.   Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

307.     Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

308.     The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

309.     The market for AFFF is ascertainable through standard discovery means.

310.     It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

311.     Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

312.     Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

313.     Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

    a.      Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

    b.      Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

    c.      Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

314.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

    a.      Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

    b.      Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

    c.       Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

    d.       Using their considerable resources to fight PFOA and PFOS regulation; and

    e.       Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

315.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

    a.       Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

    b.       Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

    c.       Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources.

### CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
### AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

316.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

317.    This cause of action is brought pursuant to Colorado law.

318.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

319.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

320.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

321.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

322.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

323.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

324.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF

would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

325.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

326.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

327.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

328.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

329.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

330.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

331.     Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

332.     Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

333.     As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

334.     Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

335.     As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

336.     Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

337.     Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

338.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

339.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

340.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

341.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

342.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

343.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

344.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

345. Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

346. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

347. This cause of action is brought pursuant to Colorado law.

348. As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

349. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

350. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

351. AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

352.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

353.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

354.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

355.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

356.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

357.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

358.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

359.   Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

360.   Defendants' failure to warn was the direct and proximate result of the contamination, leading to the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

361.   As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

362.   As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

363.   As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

364.   Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

365.   Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

366.   This cause of action is brought pursuant to Colorado law.

367.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

368.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

369.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

370.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

371.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

372.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

373.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

374.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

375.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

376.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

377.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

378.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

379.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

380.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

381.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

382.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

383.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

384.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

385.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

386.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

387.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

388.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

389.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

390.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

391.    an order for an award of attorneys' fees and costs, as provided by law;

392.    an award of pre-judgment and post-judgment interest as provided by law; and

393.    an order for all such other relief the Court deems just and proper.

**JURY DEMAND**

394.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable

pursuant to Federal Rule of Civil Procedure 38(b).


Dated: May 24, 2018                                 Respectfully Submitted,

                                                    **MCDIVITT LAW FIRM**

                                                    */s/ Kelly Hyman*
                                                    Kelly Hyman
                                                    Michael McDivitt
                                                    19 East Cimarron Street
                                                    Colorado Springs, CO 80903
                                                    Telephone: (719) 471-3700
                                                    E-mail: mmcdivitt@mcdivittlaw.com
                                                    E-mail: khyman@mcdivittlaw.com


                                                    **NAPOLI SHKOLNIK, PLLC**

                                                    */s/ Patrick J. Lanciotti*
                                                    Patrick J. Lanciotti
                                                    Hunter Shkolnik
                                                    Paul J. Napoli
                                                    Louise Caro
                                                    Tate J. Kunkle
                                                    360 Lexington Avenue, Eleventh Floor
                                                    New York, NY 10017
                                                    Telephone: (212) 397-1000
                                                    E-mail: pnapoli@napolilaw.com
                                                    E-mail: hunter@napolilaw.com
                                                    E-mail: lcaro@napolilaw.com
                                                    E-mail: tkunkle@napolilaw.com
                                                    E-mail: planciotti@napolilaw.com