**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.: 18-cv-01281

VERONICA OQUENDO; WOL SMITH; MICHAEL SMITH; JOAN RUSHAY; THOMAS LARSEN; ROSA TAYLOR; STENETHA HALL; ROSE BEAM; TODD GENSMER; JUSTIN WEATHERS; PAUL BENNIE; DAVID SANDAGER; AMY SANDAGER; WALTER MCGREW; CLINTON WALTER; SHANNON WALTER; MATTHEW WHITTAKER; EDWARD WHITTAKER; PHILLIP HOWE; JANIDA ROSADO; CAROLINE GALLEGOS; MATTHIAS BLACK; LEWIS GARNETT; SUSAN SMITH; JULIA KUHN; RICHARD FLORES; SHELLY SNETHEN; AMY DAGUE; ROSE MACHUCA; EILEEN HOUSE; CASHMYIR SCOTT; MICHELLE GONZALEZ; RHONDA ALVARADO; DONNA VAN HOOSE; STUART HEARN; AUGUSTA JORDAN; DONNA HEARN; ALONZO ABEYTA; JOSEPH DAUGHERTY; CAROLANN VIGIL; LISA SCHMIDT; NICOLE PAINE; MICHELLE SWINTON; TRUDY TAGSTROM; AMELIA RUBIO; HARNEK SAHOTA; CAROL PUTZI; REBECCA BARNES; RICHARD COOK; FITZ BANNISTER; MARY MAHON; TIMOTHY MAHON; BONNIE LARSCHEID; KATHY MAXIMENKO; DEBORAH MCCARTY; DAVID MCCARTY; MICHAEL CHILDERS; LINDA JONES; DANA BRIGHT; BRANDON HERRERA; RONALD WILSON; JOHN BELL; MYRNA PEREZ; PATRICIA GLACKEN; CYNTHIA GILDER, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF M.G.1, M.G.2, AND M.G.3, MINOR CHILDREN; MARY STATON; MICHAEL STATON; ANGELA POLK, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF A.P., R.P., M.P., AND H.P., MINOR CHILDREN; VALENTINA WOLFKILL; JOHN CUELLAR; LESLIE PEREZ, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF T.G., MINOR CHILD; ANALISA WHITTAKER; JAMES COOK; DEBRA ANN PERRICONE; ROBERT WEEDMAN; MONIQUE BABERS; TRACY BABERS; LIONEL MARTINEZ; GERALDINE MARTINEZ; DANIEL PETERSON; SHIRLEY PETERSON;

CHIQUITA STEWART; NICHOLAS VILLEGAS; GINGER CORDOVA; ANGELINA JARAMILLO; ALICIA CHAVEZ; DANIELLE WOJTOWICZ; MICHAEL WOOD; DORA SANTILLANES; CASSANDRA ELLIS; JACOB ELLIS; JACOB JUAREZ; BENJAMIN DEIS; MIGUEL CANTU; DONNA PRICE; ARGENTINA PEREZ; CHARLES WESLEY PEOPLES; CORRIE/CORNELIA STUDDARD; BRENNAN RILEY; RACHAEL WATERS; ELZENA HARRIS; MAURICE HARRIS; SUNSHYNE POWELL, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF K.P., MINOR CHILD; WENDELL BURNETT; DORIS GUILIANI; KEITH ORCUTT; OSCAR CARRERA; TABITHA STARKS; LENYON STARKS; RITA MACHIN; CARLOS MACHIN; DOROTHY WETZEL; SHERRY HUNTER, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF B.H., MINOR CHILD; ROBERT FORD; BOBBY WINFIELD; VIVIAN WINFIELD; BRANDON WARD; ANTOINEE BENJAMIN, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF A.B.1. , AND A.B.2 MINOR CHILDREN; MONIQUE BORRERO-RIVERA; ARNALDO BORRERO-RIVERA; DAWN HUSTON; ANDREW WOOD; KIMBERLEY WILSON; JANIE IVES; JAMES WASHINGTON; SHERA GOTTLOB; DELORES STROH; KAYLA DOUGHTY; IRA BLOODWORTH; GAMAL LAWRENCE; JOAN MARIE NICHOLS; HEATHER GORMAN; SAMANTHA STAPLETON; SABINE STAPLETON; RITA JEFFRIES; TINA GLUNT; JAMES GLUNT; RITA LANDERS; GENE WILSON; JANE CHADIMA; CHARLINE LOEWENSTEIN; SHERRY QUINLIVAN; CHASTITY BUNN; GUADALUPE VERA; JUANITA USEMAN; BILLIE FRANKLAND; BOBBY BERRY; KELLEY CONNERS; KEVIN CONNERS; DAVID JOHNS; THEODORE JOHNSON; BECKY STEEVES; ALINA MATHEWS, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF E.W., AND F.W., MINOR CHILDREN; TRAPPER MATHEWS; SHANNON ANTHONY; BILLY ANTHONY; DARREN HUNT; DARREN BROWN; KELLY DUNCAN-MARCUM; MARIE CLARK; BEVERLY BROWN; ERIN HUTCHINSON, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF J.H., MINOR CHILD;

MICHELLE GREENLEE; ARTHUR GREEN;
KIMBERLY AUSTIN, INDIVIDUALLY AND AS
PARENT AND NATURAL GUARDIAN OF J.A.,
MINOR CHILD; DEBRA BRESCIANI; JAMES
ANDREWS; SCOTT ST.ONGE; ROBERT DEWITT;
CAROLE GREEN; AND KEVIN DAIGLE,

    *Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing, Co.; TYCO FIRE PRODUCTS, L.P.,
successor in interest to THE ANSUL COMPANY;
BUCKEYE FIRE EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING,
INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a
NATIONAL FOAM, INC., individually and as successor
in interest to NATIONAL FOAM, INC.; KIDDE PLC,
INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as successor in
interest to NATIONAL FOAM, INC.; KIDDE-FENWAL,
INC., individually and as successor in interest to
NATIONAL FOAM, INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as successor in
interest to NATIONAL FOAM, INC.;

    *Defendants*.

---

### STIPULATION OF DISMISSAL WITHOUT PREJUDICE
### AND TOLLING AGREEMENT

---

By and through their undersigned counsel, Plaintiffs and Defendant Buckeye Fire Equipment Company ("Buckeye") hereby enter into this Stipulation of Dismissal Without Prejudice and Tolling Agreement (the "Agreement"), pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

## RECITALS

WHEREAS, Plaintiffs allege certain claims in connection with Buckeye's aqueous film forming foam ("AFFF") product;

WHEREAS, Plaintiffs represent and warrant that they are presently unaware of any evidence showing any sales, shipments, use, storage, or presence of any Buckeye AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport;

WHEREAS, Buckeye represents and warrants that it is presently unaware of any sales, shipments, use, storage, or presence of any of its AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport;

WHEREAS, the Parties have reached an agreement, the terms of which are set forth herein, which will result in Buckeye being dismissed from the Lawsuit without prejudice, subject expressly to the terms of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties, intending to be legally bound, hereby agree as follows:

## TERMS

1. **Effective Date**.  This Agreement shall be effective as of the date entered by the Court.

2. **Agreement**.  Plaintiffs hereby voluntarily dismiss Buckeye from the Lawsuit, without prejudice, as of the Effective Date.

3. **Period of Tolling**.  In exchange for such dismissal, Buckeye agrees that any and all limitations of action time periods, statutes of limitations, and/or statutes of repose for the claims advanced in the Lawsuit are tolled, suspended, and stayed as of the Effective Date of this

4

Agreement for a period (the "Tolling Period") of eighteen months (through and including the date that is eighteen months after the Effective Date).  This Agreement, however, does not revive any claims that have already expired.

4. **Right to Terminate; Re-File**.  If, within the Tolling Period, Plaintiffs discover new evidence showing any sales, shipments, use, storage, or presence of any Buckeye AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport, or other evidence that gives rise to disputed factual issues regarding the use of Buckeye AFFF products to Peterson Air Force Base and/or the Colorado Springs Municipal Airport, it is understood that Plaintiffs may terminate this Agreement and re-file the dismissed action.  Should Plaintiffs terminate this Agreement and re-file, the Parties agree that such action shall be filed as an amendment to the current lawsuit to re-name Buckeye as a party in the above-captioned litigation in the United States District Court for the District of Colorado and shall be assigned to the Honorable R. Brooke Jackson.  Prior to re-filing the dismissed action, Plaintiffs shall provide notice to Buckeye at least ten days prior to re-filing.

5. **Relation Back; Waivers/Defenses**.  Any case that is re-filed against Buckeye during the Tolling Period shall be deemed by the terms of this Agreement to relate back to the date on which the case was filed.  *See* ECF No. 1.  Nothing in this Agreement shall be deemed a waiver of any arguments or defenses existing as of the Effective Date of this Agreement, including but not limited to any prior defenses based on the timeliness of the claims such as defenses based on statutes of limitation and statutes of repose.  Upon re-filing, Plaintiffs' counsel and counsel for Buckeye shall meet and confer with each other and with other parties' counsel in this action and

attempt to agree upon an appropriate scheduling order for the re-inclusion of Buckeye, including any time needed for additional discovery or motion practice.

6. **Waiver/Acceptance of Service**.  Should Plaintiffs re-file suit against Buckeye, the Parties agree that undersigned counsel for Buckeye shall waive and accept service on behalf of Buckeye.

7. **Modifications; Extensions**.  This Agreement constitutes the entire agreement between the Parties on the issues addressed herein and may not be modified, altered, or amended except by a writing signed by or on behalf of the Parties to this Agreement.  This Agreement may be extended by further written agreement signed by or on behalf of the Parties.

8. **Authority**.  Each undersigned Party entering into and executing this Agreement represents, warrants, and states that such Party has the full authority and legal power to do so and that the individuals whose signatures appear below on behalf of each Party are duly authorized to execute this Agreement on behalf of their respective Parties.

9. **Multiple Counterparts**.  This Agreement may be executed in counterparts and/or by facsimile or PDF electronic mail, and each such counterpart shall be considered an original and together with the others shall constitute one and the same instrument.

10. **Governing Law**.  This Agreement shall be construed and governed in accordance with the laws of the State of Colorado.

11. **Notices**.  Notices pursuant to this Agreement shall be given both via electronic mail (where indicated below) and in writing addressed as follows:

**To Plaintiffs**:

Paul J. Napoli
**NAPOLI SHKOLNIK PLLC**

360 Lexington Avenue, 11th Floor
New York, New York 10017
E-Mail:  pnapoli@napolilaw.com

Michael McDivitt
**MCDIVITT LAW FIRM**
19 East Cimarron Street
Colorado Springs, CO 80903
E-mail: mmcdivitt@mcdivittlaw.com

**To Buckeye**:

Michael L. Carpenter
**Gray Layton Kersh Solomon Furr & Smith, P.A.**
516 S. New Hope Road
Gastonia, North Carolina 28052
E-Mail:  mcarpenter@gastonlegal.com

Ronald Hellbusch
**Lewis Brisbois Bisgaard & Smith, L.L.P.**
1700 Lincoln Street
Denver, Colorado 80203
E-Mail:  Ronald.hellbusch@lewisbrisbois.com

12. **Severability**.  Should any provision of this Agreement be declared invalid by a court of competent jurisdiction, such declaration shall not invalidate the remaining provisions of this Agreement, which shall be construed as nearly as possible to effectuate the original intentions of the Parties hereto based upon the entire Agreement, including the invalid provision.

**IN WITNESS WHEREOF**, the undersigned have duly executed and delivered this Agreement.

DATED at Denver, Colorado, this 4th day of December, 2018.

**Plaintiff's Counsel:**
Paul J. Napoli
**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor
New York, New York 10017

E-Mail:  pnapoli@napolilaw.com

Michael McDivitt
**MCDIVITT LAW FIRM**
19 East Cimarron Street
Colorado Springs, CO 80903
E-mail: mmcdivitt@mcdivittlaw.com

**Counsel for Buckeye**:

*/s/ Michael L. Carpenter*
Michael L. Carpenter
**Gray Layton Kersh Solomon Furr & Smith, P.A.**
516 S. New Hope Road
Gastonia, North Carolina 28052
E-Mail:  mcarpenter@gastonlegal.com

*/s/ Ronald Hellbusch*
Ronald Hellbusch
**Lewis Brisbois Bisgaard & Smith, L.L.P.**
1700 Lincoln Street
Denver, Colorado 80203
E-Mail:  Ronald.hellbusch@lewisbrisbois.com
**SO ORDERED**:

DATED at Denver, Colorado, this _____ day of _____, 2018.

                BY THE COURT:

                _____
                United States District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2018, I electronically filed the foregoing with the Court using the CM/ECF system, and served the same via the CM/ECF system upon all counsel of record.

*/s/* Patrick J. Lanciotti